SAMUEL, Judge.
Plaintiff filed this suit against Winn-Dix-ie Louisiana, Inc. and its liability insurer, The Fidelity and Casualty Company of New York, seeking to recover damages for personal injuries allegedly sustained as a result of a battery committed upon her by Winn-Dixie’s store manager. Defendants’ answer denied the allegations of plaintiff’s petition. After a trial on the merits, judgment was rendered dismissing plaintiff’s suit. Plaintiff has appealed.
The evidence in the record contains conflicting versions of the incident which occurred on December 7, 1970 in one of defendant’s stores. Plaintiff and her two daughters testified: They had completed their grocery shopping and were standing in a checkout aisle waiting for a cashier to price and bag her purchases when the store manager attacked plaintiff in the checkout line, shoved a grocery cart into her, and used loud and abusive language, accusing her of shoplifting. Plaintiff was pregnant at the time and suffered a miscarriage approximately two weeks later.
Plaintiff also testified: She suffered a back injury as a result of the incident. She sought treatment at Charity Hospital in New Orleans for her back injury after recuperating from the miscarriage and later consulted Dr. Byron Unkauf regarding that injury.
Defendant’s store manager testified he had observed plaintiff and suspected her of attempting to shoplift a utensil used for cutting pizza. He stated that while plaintiff was in the checkout line he made inquiry regarding the possible theft and commented to her it would be “a hell of a thing to have to spend the holidays in jail.” He requested the cashier to bag plaintiff’s purchases and attempt to determine if plaintiff had stolen any items. Finally, he testified he requested plaintiff and her daughters not to patronize the store as they were leaving the premises. He emphatically denied pushing a grocery cart into plaintiff as well as any other physical contact with her, and the testimony of the cashier who bagged plaintiff’s purchases is to the same effect.
While the two versions directly conflict, there is nothing in the evidence showing the trial judge committed error in dismissing plaintiff’s suit, in fact the contrary is indicated.
Plaintiff’s factual evidence regarding the incident consisted of her testimony and that *332 of her two daughters. None of the three made a report of the incident to anyone before leaving the store, nor did they obtain or seek to obtain the names of witnesses whom they say were standing in the front and in back of plaintiff in the same checkout line. The hospital records of plaintiff’s miscarriage contain no reference whatever to either abusive language by defendant’s manager or his striking her with the grocery cart. Defendant’s expert in obstetrics and gynecology testified without contradiction neither the abusive language nor the battery described by plaintiff, in his opinion, was sufficient to cause a miscarriage and plaintiff’s prior medical history indicated she was a poor risk for a successful pregnancy.
In addition, plaintiff did not attempt to subpoena the Charity Hospital records of her post-miscarriage treatment for the back injury. Defendant subpoenaed these records, but the hospital made a return in response to the subpoena which indicated a search revealed no records of any treatment for plaintiff at Charity. Plaintiff did relate a history consistent with her testimony to her physician, but this did not take place until approximately 11 months after the incident, and under these circumstances her statements to this physician are suspect.
In Canter v. Koehring Company,[1] the Supreme Court stated:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
Here, where the factual questions are dependent primarily on the credibility of the witnesses, we find no error, manifest or otherwise, in the trial court’s acceptance of the testimony offered by the defendants.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. La., 283 So.2d 716, 724.